BRISCOE, Circuit Judge,
concurring in part and dissenting in part:
Because I agree that the district court erred in concluding that both cases were barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), I join Parts I, II and III of the majority opinion. In turn, because the Heck ruling was the only basis for the district court’s dismissal of Vasquez’s complaint against Officer Starks (Case No. 08-3121), I fully join in the judgment reversing and remanding that case for further proceedings.
I cannot, however, join Part IV of the majority’s opinion which reverses the district court’s alternative basis for dismissing Vasquez’s complaint against Officer Gross (Case No. 08-3134), i.e., that Vasquez’s complaint was untimely. I would affirm the district court’s dismissal of Case No. 08-3134 on statute of limitations grounds and not remand for a show cause to address equitable tolling. By way of the district court’s order of dismissal in that case, Vasquez was given notice of the statute of limitations problem evident from the face of his complaint against Officer Gross. At that point, he had the opportunity to raise before the district court any viable bases he may have had for equitable tolling. He did not do so. Although he has appealed the order of dismissal, and thereby had an ample opportunity to challenge the district court’s statute of limitations ruling, his appellate pleadings also do not mention the district court’s statute of limitations ruling or otherwise offer any explanation that could reasonably be construed as an argument for equitable tolling.
I also question the propriety of the new rule announced by the majority in Part IV, which borrows support for its conclusions from our habeas corpus jurisprudence. As I read it, Part IV will, in all but a few instances, effectively require a district court, prior to dismissing as untimely a pro se prisoner § 1983 complaint, to issue a show cause order “giving the plaintiff an opportunity to explain why the statute of limitations should be tolled.” Maj. Op. at 1097. In my view, however, no such procedural requirement is necessary. A district court’s order of dismissal on statute of limitations grounds effectively operates as a “show cause” order that may be responded to by a pro se prisoner in at least two ways. Specifically, a pro se prisoner plaintiff whose § 1983 action has been dismissed as untimely has the opportunity, either by way of a motion for reconsideration or via appellate pleadings, to argue any “meritorious tolling issues” that may exist. If those arguments have merit, the district court can withdraw the order of *1099 dismissal following the filing of a motion for reconsideration, or the court of appeals can reverse the district court when the issue is raised by the prisoner on appeal. As Vasquez has not sought the benefit of equitable tolling by raising it either before the district court or on appeal, it is not our role to now raise the issue for him.